CAUSE NO: PD-0699-15

WILLIE FRANK JACKSON     X    In The Texas Supreme Court

V.                    X    of Criminal Appeals

State of Texas        X    Austin, Texas

                            X

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 16 2015

Abel Acosta, Clerk

## Motion For Rehearing

To The Honorable Justice of said Court:

      Comes Now Willie Frank Jackson, Pro Se and files "Motion For Rehearing" in the above entitled cause, And will Show this Court as follows:

## I.

      The Court of Criminal Appeals (Texas) refused the appellant "Petition For Discretionary Review" on the 16 day of Sept. 2015. Appellant files this "Motion For Rehearing" in the interest of justice for this Honorable Justice of said Court to reconsider the entitled constitutionality of appellant's state Federal "Procedural Due Process" and "Substantive Due Process" Required under the Tex. Const. Art. I Sec. 19 ✻ Sec. 3a and the United States Constitutions Fifth, Sixth, and Fourteenth Amendment. Raised in the below grounds:

Ground ONE: <u>The Court of Appeals used the jury's unsupported verdict for it holding that the evidence of appellant's guilt legally sufficient</u>.

      Appellant contended that the evidence was legally insufficient to support his conviction for aggravated Robbery. The appellate court prejudiced appellant's defense in it decision to affirm the conviction, which was obvious and clearly injurious by the appellate court improper review. A review-

(1.)

ing court is required in every criminal conviction to be supported by evidence that a rational trier of fact could accept as sufficient to prove all the elements of the offense charged beyond a reasonable doubt. Appellate court overlooked the jury's unsupported verdict which failed to prove all the essential elements of the offense beyond a reasonable doubt for aggravated Robbery, as charged in the indictment. Under the Jackson standard of reviewing the legal sufficiency of the evidence. Appellate court failure to determine the rationality of the jury's finding beyond a reasonable doubt all the essential elements of the offense. The indictment charged appellant with violation of Statute §29.02(a)(1) of the Texas Pen. Code Ann. "intentionally, knowingly, or recklessly caused bodily injury, by shooting in the leg or body." The jury's incomplete verdict was fundamental ERROR when it only alleged appellant guilt for theft. A lesser included offense of Robbery. The appellate court unjust and improper Review in fact deprive appellant of the Due Process clause of the Fourteenth Amendment of the United States Constitutional. Prejudicing appellant defense, and in violation of appellant's "Procedural due process" and "Substantive due process" Rights that deprive appellant of the required process due and equal protection of the law. Herein, appellant Relying in _Reedy v. State_ 214 S.W.3d 567 (Tx. App.--Austin 2006). Holds, that the jury's verdict was unsupported by proof of _all the essential_ _elements_ of offense charged. The appellate court decision is clearly in direct conflict with _Reedy Supre_. SEE _Appellate Court's memorandum opi-_ _nion page 3_: "We affirm the trial Court's judgment, because (1) legally sufficient evidence shows Jackson's theft." Clearly shown and identified by the appellate court substituting its judgment of the jury's verdict to support its finding of the evidence to be sufficient, prejudicing the appellant's defense. Violating appellant's State and Federal Constitutional Rights. SEE. _In re Winship_, 397 U.S. 358, 90 S.Ct. 1068 (1970); _Fisher v._ _State_. 851 S.W.2d 298, 302 (Tx. Cr. App. 1993); _Tex. Pn. Code Ann § 2.01_ (West 2003); _Ward v. State_. 143 S.W.3d 271, 274 (Tx. App.--Waco 2004 Pet. Ref'd); _Jackson v. Virginia_. 443 U.S. 303, 319, 99 S.Ct. 2781 (1979);

2.

Sanders v. State 119 S.W.3d 818, 820 (Tx. Cr. App. 2003); Cardwell v. State 30 S.W.3d 384 (Tx. Cr. App. 2000). Reviewing Court Role is that of a due process safeguard, ensuring only the Rationality of the trier of fact's finding of the essential elements of the offense beyond a reasonable doubt. The jury's verdict was irrational and unsupported by proof beyond a reasonable doubt. See also, Matson v. State, 819 S.W.2d 839 at 846 (Tx. Cr. App. 1991). The appellate Court prejudiced appellant's defense by depriving him the due process of the Fourteenth Amendment of the United States Constitution and the Texas Constitution Art. 1, Sec. 3a and Art. 1, Sec. 19, entitled by law. However, the jury never was instructed on the aggravating factor nor was any aggravation factor of "aggravated assault" being the conduct of appellant (essential element). The instruction would have authorized a conviction for aggravated Robbery if the jury was instructed that appellant intentionally, knowingly, or recklessly caused bodily injury by using and exhibiting a deadly weapon. This was not alleged either under the V.T.C.A. Penal Code §29.02(2)(1) and 29.03(2)(2)). The appellate court overlook the irrationality, and unsupported legal and factual insufficient evidence in appellant case under the Jackson Standard of Review. Appellant's ground are Reviewable and wanting Reconsideration, in the interest of Justice, applying the law to the facts of the case... Supports legal and factual insufficiency of the evidence.

Ground Two:    The court of appeals failed to adhere to the Constitionality of appellant claim of legally insufficient of the evidence.

Appellant contends that the Due Process Clause of the Fourteenth Amendment to the United States Constitution Requires every state Criminal conviction to be supported by evidence that a Rational trier of fact could accept as sufficient to prove all the elements of the offense beyond a reasonable doubt. The evidence shows numerous of doubt in the States case presented, that a Rational trier of facts could not have found guilt beyond a reasonable doubt for the offense as charged;

30

Instead, Rather than viewing the evidence in the light most favorable to the prosecution, the court of appeals provided an biased judicial platform, prejudicing appellant's defense and depriving him of the Required Equal protection of the law, to the process due, under the DUE PROCESS Clause of the 14th Amendment of the United States constitution Rights Entitled as Required. There was not deference given to the jury verdict of guilt beyond a Reasonable doubt... "the evidence in the instant case (was the State's only witness,... the victim testimony of the alleged facts, without any material evidence in support) there was no evidence showing appellant as the person committed the alleged offence of aggravated Robbery as charged in the indictment. However, he was charged with the violation of Tex. Pen. Code Ann. § 29.02 (2)(1). The indictment did not allege any aggravating conduct, for the irrational verdict of the jury to find appellant guilty for the offense charged in the indictment... Quote: "intentionally, Knowingly, or Recklessly caused bodily injury to victim, by shooting in leg or body?" The law Requires a person commits aggravated Robbery with deadly weapon when accused conduct... "intentionally, Knowingly, or Recklessly cause bodily injury, by using and exhibiting a deadly weapon; Namely: [Question], to be consider by a Rational trier of fact of finding all the essential elements beyond a Reasonable doubt. Citing Rudy Supra, and Jackson V. Virginia Supra. Herein, the appellate court biased judicial performance made prejudice appellant's defense that Required the Texas Supreme Court of Criminal Appeals or Supreme Court of the United States to correct, in the interest of Justice, by granting the Reconsideration in the instant case grounds challenged in "Petition For Discretionary Review". Herein, the jury's unsupported and incomplete verdict of proof of the essential elements; evidence supporting the verdict is so weak as to Render the verdict clearly wrong and manifestly unjust, that the jury's finding "shock the conscience." or "clearly demonstrates bias."

4.

GROUND THREE:

The Court of appeals here wrongfully decided an important constitutional error that an important questional of state and federal law, that conflict with decision of the Texas Supreme Court of Criminal Appeals and The Supreme Court of the United States.

Appellant contends that the appellate court violated his state and federal constitutional rights when it failed to review the trial court error, in not providing appellant the due process of law and the equal protection of the law, under the Tex. Constitution Article 1. Sec. 3a and Article 1. Sec. 19 and the Fifth, Sixth and Fourteenth Amendment of the United States Constitution. By depriving him the right (Procedural due process + Substantive due process) to conduct a hearing on the issue of the use of physical restrains on appellant during the trial before the jury. Appellant contends that the error infringed upon the appellant's privilege of Receiving a fair and impartial trial, and was thus of constitutional magnitude that required the Court of appeals to conduct a harm analysis under Rule 44.2(a) of the Tex. Rule of Appellate Procedure. Such constitutional error affects appellant's substantial rights. "Before a trial court is authorized in ordering the physical restraint of an accused on trial before a jury, he should conduct a hearing outside the presence of the jury...." Gammage v. State, 630 S.W. 2d 309, 314 (Tex. App. -- San Antonio 1982, pet ref'd). "To assist the appellate court in [its] determination, the record must clearly and affirmatively reflect the trial judge's reason thereof." Long v. State 823 S.W. 2d 259 at 282 (citing Peaks v. State, 844 S.W. 2d 697 at 722 [Tex. Cr. App. 1992). ("The trial judge must set forth with specificity the reasons supporting his decision to restrain the defendant."). "The decision to use physical restraints must be made by the trial judge

5.

on a case-by-case basis and the use of such restrain will necessitate reversal only where the decision constitutes an abuse of discretion." Grammage v. State, 630 S.W.2d 309, 314 (Tex. App. -- San Antonio 1982, Pet Ref'd). The Texas Supreme Court has similarly held that the harm a defendant suffers when the jury sees him restrained is the infringement of his constitutional presumption of innocence, and all efforts should be maintained to prevent the jury from seeing the defendant's restraints. "Except where there has been a showing of exceptional circumstance or a manifest need for such restraint." ~~_____~~ Illinois v. Allen, 397 U.S. 337, 344, 90 S.Ct. 1057 (1970). also see Long Supra.

Appellant contends that he was restrained by an electronic immobilization system (Ston belt of 50,000 volts) around his waist all during the trial, voir dire examination, guilt/innocence phase, and punishment phase. It can be activated by means of a remote transmitter in the hands of an attending officer. The trial court (Judge) abuse it discretion once it was notified that appellant was physically restrained and fail to provide appellant the due process and equal protection of the law, and conduct a hearing outside the presence of the jury. The trial court abuse harmed appellant because the trial court did not attempt to prevent the jury from seeing appellant in physical restrains. Appellant fear of being electricuted, if he refused to remove his shirt, that the state gave werning if appellant refuse: (By Ms. Hudgeons assist. D.A) "Then I will ask that the defendant remove his shirt and show the jury so that they can all properly authenticate it if he's going to refuse to take his shirt off to show the witness."... The Court: All Right, If you'll step over here and raise your shirt and show them your tattoos... The Court: He's already taken his shirt off.... The Court: All Right, If you'd step over in front of the jury, sir. The Court: All Right, Let the record reflect the defendant has removed his shirt and has marched in front of the jury so they could see any tattoos that he might have. (RR Vol. II p. 36-38).

There was no effort maintained to prevent the jury from seeing the appellant in physical restrains. The record reflects that the judge ordered appellant to remove his shirt in front of the jury, after he was aware and warned that appellant was unauthorized in physical restrains (stun belt). The judge did not take any measures to prevent exposure of the restraint to the jury. Appellant continue to contend that his right to a fair and impartial trial was abridged by being exposed before the jury in the electronic immmobilization system. Appellant request the honorable Justice grant "Motion for Rehearing" in the intrest of Justice to reconsider appellant's constitutional errors. The appellate court failure to review trial court's constitutional errors have prejudiced the appellant's defense.

## Prayer

Wherefore, Premises Considered, Pro Se Appellant prays that upon hearing of this Motion For Rehearing, that this Honorable Justice Court enter its order directing The Appeals Court to Reconsider and conduct an unbiased judicial platform, in the intrest of Justice, and order its judgement of acquittal.

Execute on this the 6th day of Oct. 2015.

Respectfully Submitted,

Jackson, Willie Frank # 1931429
Robertson Unit
12671 FM 3522
Abilene, Tex. 79601

In The Court of Criminal Appeals
of Texas
In Austin Texas

## Certificate of Good Faith

Comes Now, Willie Frank Jackson, Pro se, and make this his certification that his Motion For Rehearing in the Court of Criminal Appeals of Texas. Herein, believe that he presented this Court with adequate grounds to justify the granting this Reconsideration of the Appellate Court in CAUSE NO. COA NO. 06-14-00097-CR + PD-0699-15. and said Motion is brough in good faith and not for delay.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 6th day of Oct. 2015.

Respectfully Submitted,

Willie Frank #1931429
Jackson, Willie Frank #1931429
Robertson Unit
12071 FM 3522
Abilene, Tex. 79601

cc/files:

8.

## Certificate of Service

The undersigned Willie Frank Jackson, Pro Se, hereby do Certifies that a true and correct copy of the foregoing "Motion For Rehearing" and "Certificate of Good Faith" has been mailed in the United Postage, to the Court of Criminal Appeals of Texas, in Austin Texas (To Clerk). Mailed on this the 6th day of Oct. 2015.

Respectfully Submitted.

Jackson, Willie Frank #1931429
Robertson Unit
12071 FM 3522
Abilene, Tx. 79601

cc/files;
10/6/15

9.

To: Willie Deans Jackson #1931429
Robertson Unit
12071 FM3522
Abilene, Tex 7601

FM
OCT 13
2015

Legal Mail

Court of Criminal Appeals (Texas)
P.O. Box 12308 Capital Station
Austin, Texas 78711

FM
OCT 13
2015

OCT 13
2015

USA